UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

VANYEL MUHAMMAD (#10019)

VERSUS                                          CIVIL ACTION

J. SCOTT WILSON                                 NUMBER 12-740-BAJ-SCR

**NOTICE**

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.
    In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Baton Rouge, Louisiana, December 7, 2012.

                                         STEPHEN C. RIEDLINGER
                                         UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

VANYEL MUHAMMAD (#10019)

VERSUS                                                         CIVIL ACTION

J. SCOTT WILSON                                        NUMBER 12-740-BAJ-SCR

**MAGISTRATE JUDGE'S REPORT**

Pro se plaintiff, an inmate currently confined at Catahoula Correctional Center, Harrisonburg, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against J. Scott Wilson. Plaintiff alleged that Wilson failed to pay him earned wages. Plaintiff sought monetary damages and release from custody.

**I. Applicable Law and Analysis**

**A. Frivolous Standard**

Subsection (c)(1) of 42 U.S.C. § 1997e provides the following:

> (c) Dismissal.--(1) The court shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.

An in forma pauperis suit is properly dismissed as frivolous if the claim lacks an arguable basis either in fact or in law. *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733 (1992);

*Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 1831-32 (1989); *Hicks v. Garner*, 69 F.3d 22, 24 (5th Cir. 1995). A court may dismiss a claim as factually frivolous only if the facts are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional. *Denton,* 504 U.S. at 33-34, 112 S.Ct. at 1733. Pleaded facts which are merely improbable or strange, however, are not frivolous for section 1915(d) purposes. *Id.; Ancar v. SARA Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992). Dismissal under 28 U.S.C. §1915(d) may be made at any time before or after service of process and before or after an answer is filed. *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986). *v. Phelps*, 655 F.Supp. 560 (M.D. La. 1985).

**B. Wilson is Not a State Actor**

Plaintiff alleged that Wilson, his former employer, owed him $1,475.00 in unpaid wages. Plaintiff alleged that he tried to meet with Wilson to discuss the unpaid wages but was told he was out of the office. Plaintiff alleged that he filed a complaint with the Equal Employment Opportunity Commission and was given a right to sue letter. Plaintiff alleged that he was subsequently arrested while attempting to collect the unpaid wages.

To state a claim under § 1983, a plaintiff must (1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law. *Victoria W.*

2

*V. Larpenter*, 369 F.3d 475, 482 (5th Cir. 2004). A plaintiff must also identify defendants who were personally involved or whose acts are causally connected to the alleged constitutional violation. *Roberts v. City of Shreveport*, 397 F.3d 287, 292 (5th Cir. 1995).

A private person or entity is not subject to suit under § 1983 unless the person's or the entity's allegedly unconstitutional conduct is attributable to the State. *Cornish v. Corr. Servs. Corp.*, 402 F.3d 545, 549 (5th Cir. 2005).

Plaintiff's former employer is a private entity whose conduct cannot be attributable to the State. As such, Wilson is not a state actor for purposes of § 1983.

**C. Release From Custody**

Insofar as the plaintiff's complaint can be read to challenge his current incarceration, the claim must initially be pursued through habeas corpus since it challenges the duration of confinement, the resolution of which claim may entitle him to immediate or early release. *Serio v. Members of La. State Bd. of Pardons*, 821 F.2d 1112 (5th Cir. 1987).

Because it is clear that the plaintiff's claims have no arguable basis in fact or in law the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), and without leave to amend because there is no conceivable, non-frivolous federal claim he could assert consistent with the facts alleged in his complaint.

3

**RECOMMENDATION**

It is the recommendation of the magistrate judge that this action be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(i), and without leave to amend because there is no conceivable, non-frivolous federal claim he could assert consistent with the facts alleged in his complaint.

Baton Rouge, Louisiana, December 7, 2012.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

4